IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**NICOLE MICHELLE PIGOTT,**

    **Plaintiff,**

    v.                            **CIVIL ACTION NO. 2:07cv90**

**T. OSTULANO, et al.,**

    **Defendants.**

*MEMORANDUM OPINION & ORDER*

This matter is before the Court on Nicole Michelle Pigott's ("Plaintiff") motion to remand. Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons stated below, Plaintiff's motion to remand is **GRANTED**.

### I.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff alleges that in the early morning hours of November 13, 2005, Norfolk, Virginia police officers T. Ostulano, K.M. Gross, S. McWhirter, L.A. Mason, J.M. Horn, and A.S. Howe physically and verbally assaulted her outside a nightclub in Norfolk. Plaintiff alleges that, among other things, the officers slammed her body against their vehicle; choked her so she could not

breathe; slammed her face in the pavement; caused her blouse to tear, exposing her breasts; were verbally abusive to her; and refused to allow her medical attention. Plaintiff claims that the severe and excessive force used by the officers resulted in both mental and physical injuries.

On January 29, 2007, Plaintiff filed suit in the Circuit Court for the City of Norfolk, Virginia against the above Norfolk police officers as well as F.E. Emerson and Bruce P. Marquis, a Norfolk Police Department Captain and the Chief of the Norfolk Police Department, respectively. On February 27, 2007, defendants T. Ostulano and L.A. Mason removed the case to this Court, joined by defendants J.M. Horn, F.E. Emerson, Bruce P. Marquis, K.M. Gross, and A.S. Howe (collectively "Defendants"). Defendant S. McWhirter has not been served with process.

On March 26, 2007, Plaintiff filed a "Notice of Opposition to Removal." This notice was not docketed as a motion for removal, as it was not styled as a motion nor was it accompanied by a memorandum of law as required by Local Rule 7(F). Nevertheless, defendants L.A. Mason and T. Ostulano filed a response in opposition to the notice on April 5, 2007, as did defendants J.M. Horn, F.E. Emerson, and Bruce P. Marquis. On April 9, 2007, defendants K.M. Gross and A.S. Howe joined T. Ostulano's and L.A. Mason's brief in opposition to the notice to remand. Because Plaintiff's notice clearly asks for remand to state court, and as multiple defendants have responded in opposition, the Court will construe Plaintiff's notice as a motion to remand. In any event, remand may be appropriate regardless of whether Plaintiff's notice is properly considered as a motion. *See* 28 U.S.C. § 1447(c) (2000) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II. LEGAL STANDARD

Removal of a case from state to federal court may be accomplished through 28 U.S.C. § 1441(a) (2000), which states in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Moreover, the United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit") has held that removal jurisdiction is to be strictly construed in light of federalism concerns. *See Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005).

## III. DISCUSSION

Plaintiff's state court complaint lists causes of action for assault and battery, intentional infliction of emotional distress, invasion of privacy, and false arrest and false imprisonment. Defendants maintain that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (2000) and 28 U.S.C. § 1343(a)(3) (2000) because Plaintiff has alleged a claim under 42 U.S.C. § 1983 (2000) for the violation of a federal right under color of state law.[1] Plaintiff's motion states that there

---

[1] The Court notes that Defendants invoke both 28 U.S.C. § 1331 and 28 U.S.C. § 1343 to support jurisdiction. The main purpose of § 1343 was to permit civil rights cases to be heard in federal court regardless of § 1331's former amount in controversy requirement. *See Harris v. McDonald's Corp.*, 901 F. Supp. 1552, 1556 (M.D. Fla. 1995). As that requirement has been eliminated, § 1343 has been essentially subsumed into § 1331. *Id.* at 1556-57. Any discussion of § 1331 should therefore be read to include § 1343.

are no allegations that any federal law was violated or that any constitutionally protected right of the Plaintiff was violated, and that the complaint is based solely on state law.

Defendants' argue that this case is properly before this Court based on the presence of a federal question. In determining whether Plaintiff's claim raises a federal question, the Court will apply the well-pleaded complaint rule. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005). This rule directs the Court to "to look no farther than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996). In addition, "The well-pleaded complaint rule enforces the principle that the plaintiff is the master of his complaint and generally permits plaintiffs to 'avoid federal jurisdiction by exclusive reliance on state law.'" *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

The Fourth Circuit has held that the first step is to "discern whether federal or state law creates the cause of action." *Mulcahey*, 29 F.3d at 151. "In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Id.* If federal law does not create the cause of action, the presence of federal question jurisdiction turns on whether "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983). When state law creates the cause of action, a defendant seeking to remove the case "must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). "If a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his

state law claim, then the claim does not necessarily depend on a question of federal law." *Pinney*, 402 F.3d at 442. An important corollary to this federal question analysis is that, "[I]f a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist." *Mulcahey*, 29 F.3d at 153; *see also Dixon*, 369 F.3d at 817 ("[I]f the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331.").

In the instant case, Plaintiff's complaint lists four sections, each captioned in the manner of traditional common law torts: assault and battery, intentional infliction of emotional distress, invasion of privacy, and false arrest and false imprisonment. Significantly, the complaint never cites § 1983 or any other federal statute or constitutional provision. *See Patrick v. McLaughlin*, No. 06-2102, 2007 WL 1229024, at *2 (W.D. La. March 9, 2007) ("The fact that [the plaintiff] omitted references to the U.S. Constitution, 42 U.S.C. § 1983, and the Civil Rights Act in this suit is a strong indication that he intended to proceed under state law."). The fact that the instant complaint was drafted by an attorney weighs in favor of finding against federal jurisdiction, as Plaintiff's counsel would presumably have cited the relevant federal provisions had she wished to invoke a claim under federal law. In addition, Plaintiff has affirmatively represented in her motion to remand that no federal cause of action was intended to be asserted.

Defendants argue that the complaint arises under § 1983 because it specifically alleges that the defendants "acted under the color of state law," taking language from § 1983 itself. (Notice for Removal, Ex. A, at p. 3). Action under the color of state law is one of two required elements for pleading a cause of action under § 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640

(1980) (declaring that a cause of action is properly stated under § 1983 when the plaintiff alleges that he has been deprived of a federal right by someone acting under color of state law). However, merely taking language from a federal statute does not automatically mean that the cause of action arises under federal law. *See Young v. City of Norfolk*, No. 2:01cv48, 2001 WL 34596617, at *8 (E.D. Va. Aug. 27, 2001), *aff'd*, 51 Fed. App'x 466 (4th Cir. 2002) (per curiam); *see also Gen. Tech. Applications, Inc. v. Exro, Ltda.*, 388 F.3d 114, 118 (4th Cir. 2004) (stating that the parties' characterizations of their claims are not determinative of federal question analysis). It is certainly possible that the factual scenario Plaintiff has alleged in her complaint may give rise to a cause of action under § 1983, but Plaintiff has chosen to plead intentional tort claims. As noted above, the federal issue is not "substantial" in a situation like that in the instant case, where a plaintiff has alternative legal theories for relief under both state and federal law. *See Mulcahey*, 29 F.3d at 153.

Defendant also argues that federal question jurisdiction exists because Plaintiff's invasion of privacy cause of action does not exist under Virginia law, so that it must be meant to state the denial of some federal privacy right protected under the Fourteenth Amendment. This is rebutted by the plain language of the complaint, which states, "As a direct result of the defendants' *common-law* invasion of privacy, plaintiff has suffered serious and permanent injury as more fully set forth herein." (Notice for Removal, Ex. A, at p. 9 (emphasis added)). Plaintiff directly invokes a common law right to privacy, not a constitutional one. Whether the Commonwealth of Virginia currently recognizes such a right is immaterial to the issue of federal question jurisdiction. Plaintiff has specifically alleged the violation of a common law right.

Finally, Defendants argue that the complaint arises under federal law because the portion alleging false arrest and false imprisonment refers to the absence of "probable cause," invoking the Fourth Amendment. Under Virginia law, "False imprisonment is restraint of one's liberty without any sufficient cause therefor." *Zayre of Va., Inc. v. Gowdy*, 207 Va. 47, 50, 147 S.E.2d 710, 713 (1966), *quoted in Samuel v. Rose's Stores, Inc.*, 907 F. Supp. 159, 164 (E.D. Va. 1995). Plaintiff's allegations of the lack of probable cause are readily viewed as going to the legal insufficiency of the reason for Plaintiff's detention. *See Yeatts v. Minton*, 211 Va. 402, 406, 177 S.E.2d 646, 646 (1970) (holding that a plaintiff could not maintain an action for false imprisonment where a game warden had probable cause to arrest the plaintiff). The fact that Plaintiff's state law claim for false imprisonment mentions the term "probable cause" does not convert the claim into an allegation of the deprivation of a federal right.

In conclusion, Plaintiff, the master of the complaint, appears to have asserted solely intentional torts against Defendants, governed by state law. At best, the complaint's use of the phrase "under color of state law" creates an ambiguity. Removal jurisdiction is strictly construed, and "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151. Thus, any ambiguity must be construed against a finding of jurisdiction. *See Lilly v. Town of Clendenin*, No. Civ.A. 2:05-0303, 2005 WL 2171670, at *3-4 (S.D.W. Va. Sept. 6, 2005) (granting a motion to remand when the complaint was ambiguous as to whether it was stating a federal or state law-based claim). Contrary to Defendants' assertions, state tort law creates Plaintiff's causes of action, and Defendants have not shown that any of Plaintiff's allegations depend on any question of federal law. Because Plaintiff's complaint does not state a claim

arising under federal law, this Court lacks subject matter jurisdiction. Therefore, this case is remanded to the Circuit Court for the City of Norfolk.[2]

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 9, 2007

---

[2] In view of the fact that the Court is remanding this case to state court, the Court will not address the motion to dismiss filed by F.E. Emerson and Bruce P. Marquis.